George C. Paine, II
US Bankruptcy Judge
Dated: 10/25/10



# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

IN RE:

SPENCER CREEK PROPERTIES      Case No. 310-08732
   Debtor.     Chapter 11
    Hon. George C. Paine, II

## MEMORANDUM

This matter came before the court on the Motion of Renasant Bank ("Bank") for determination of whether this is a "single asset real estate" ("SARE") case as defined in the United States Bankruptcy Code at 11 U.S.C. § 101(51B). For the reasons cited herein, the court determines that Spencer Creek is a SARE case.

The debtor filed a chapter 11 petition on August 18, 2010.[1] As of the petition date, the debtor was indebted to the Bank in the approximate amount of $5,900,000.00 secured by twenty-five residential lots known as the "Carolina Close" subdivision in Franklin, Tennessee. The Real Property is platted and taxed as 28 separate residential lots, 25 of which are still owned by the Debtor.

Carolina Close is a high-end residential community located minutes from Cool Springs shopping, Downtown Franklin, and Interstate 65. The three-quarter acre

---

[1] The facts as contained in this court's Memorandum are considered true only for the purpose of determining this particular legal issue.

homesites were appraised in March 2009 for $305,000.00 each, and are currently marketed for sale by Worth Properties at $275,000 each. The building restrictions require a minimum home size of 3,500 square feet, and all home plans and home builders must be approved by the architectural review committee.

The Debtor developed the neighborhood to include sidewalks, six common areas, decorative street lights and sign posts, as well as an overall conservation design that features streets lined with a variety of trees. All of the improvements – roadway, grading, drainage, erosion control, sewer, water, electric conduit, telephone conduit and cable conduit – for the entire community have been completed.

The Bank argues that this is a SARE pursuant to 11 U.S.C. § 101(51B) which provides in relevant part as follows:

> The term "single asset real estate" means real property constituting a single property or project, other than residential real property with fewer than 4 residential units, which generates substantially all of the gross income of a debtor who is not a family farmer and on which no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental.

The Fifth Circuit Court of Appeals in **In re Scotia Pacific Co., LLC**, 508 F.3d 214 (5th Cir. 2007) explained the what is required to find a SARE case:

> Three requirements emerge from this definition which must all be met for a debtor to be considered a SARE debtor: (1) the debtor must have real property constituting a single property or project (other than residential real property with fewer than 4 residential units), (2) which generates substantially all of the gross income of the debtor, and (3) on which no substantial business is conducted other than the business of operating the real property and activities incidental thereto. If a debtor fails to meet any prong, it is not a SARE.

**Id.** at 220.[2] It is clear in this case, that Spencer Creek properties is a "single property or project" that "generates substantially all of the gross income of the debtor," but not as clear whether other substantial business is conducted other than business incidental to operating the real property. The debtor argues that it is not "operating" the real property, but only selling the individually platted tracts in the subdivision designed and developed by the debtor. The Bank argues that the debtor has no other substantial business other than operating the real estate project.

The court in **In re Club Golf Partners, L.P,** 2007 WL 1176010 (E.D. Tex. 2007), explained the third prong of 101(51B) eloquently:

> In order to be single asset real estate, the revenues received by the owner must be passive in nature; the owner must not be conducting any active business, other than merely operating the real property and activities incidental thereto. Under the prior jurisprudence, those passive types of activities are the mere receipt of rent and **truly incidental activities such as** arranging for maintenance or perhaps **some marketing activity**, or … **mowing the grass and waiting for the market to turn**.

**Id.** at *5 (emphasis added).

**Kara Homes, Inc. v. National City Bank, et al, (In re Kara Homes, Inc.)**, 363 B.R. 399 (Bankr. D.N.J. 2007) is factually similar to this case. The debtor owned real estate and was engaged in the construction and sale of single-family

---

[2] The landmark case construing the definition "single asset real estate" is **In re Kkemko, Inc.**, 181 B.R. 47 (Bankr. S.D. Ohio 1995). Upon consideration of the problems inherent in cases of debtors owning a single piece of income-producing property and the scanty legislative history of § 362(d)(3), the court concluded that "single asset real estate" means "a building or buildings which were intended to be income producing, or raw land." **Id**. at 51. As a result, the marina in question in that case was not single asset real estate because there were other substantial businesses being run such as concessions and boat rentals. As noted in **Kkemko**, and other cases since, bankruptcy courts have noted the legislative history of § 101(51B) "not illuminating." **See In re Philmont Development Co.**, 181 B.R. 220, 223 (Bankr. E.D. Pa. 1995); **In re Oceanside Mission Assocs.**, 192 B.R. 232, 234 (Bankr. S.D. Cal. 1996 ("unfortunately ambiguous").

homes and condominiums. The debtor's business included the acquisition of land, the design of homes and condominiums for that land, arranging for the construction of homes, the marketing and sale of homes, and finally, the building of a common space, amenities, and roadways. The court explained that a business would not be a SARE if:

> a reasonable and prudent business person would expect to generate substantial revenues from the operation activities--separate and apart from the sale or lease of the underlying real estate.

**Id.** at 406. The court found that the debtor was a SARE because its activities were "merely incidental to [its] efforts to sell the[ ] homes or condominium[s]" and thus did not constitute substantial other business. **Id.**

The activities of Spencer Creek are not unlike the activities in **Kara Homes**. A reasonably prudent business person would not expect to generate substantial revenues from operational activities separate and apart from the sale or lease of the underlying real estate. The court would characterize the debtor's activities as "truly incidental activities such as . . . some marketing activity, or ... mowing the grass and waiting for the market to turn." **In re Club Properties**, at *5.[3]

Accordingly, the court must find that this is a SARE case making the provisions of 11 U.S.C. § 362(d)(3) applicable.[4] The court will instruct counsel for

---

[3] By the debtor's own admission, one lot sold in 2007 and no lots have sold since that time. The debtor is listing lots for sale (limited marketing) and "mowing the grass" waiting for the market to turn.

[4] Section 362(d)(3) provides stay relief:

(3) with respect to a stay of an act against single asset real estate under subsection (a), by a creditor whose claim is secured by an interest in such real estate, unless, not later than the date that is 90 days after the entry of the order for relief (or such later date as the court may determine for cause by order entered within that 90-day period) or 30 days after the court

the Bank to prepare an order not inconsistent with this court's decision within seven (7) days of entry of this Memorandum Opinion.

---

    determines that the debtor is subject to this paragraph, whichever is later--

        (A) the debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or

        (B) the debtor has commenced monthly payments that--

        (i) may, in the debtor's sole discretion, notwithstanding section 363(c)(2), be made from rents or other income generated before, on, or after the date of the commencement of the case by or from the property to each creditor whose claim is secured by such real estate (other than a claim secured by a judgment lien or by an unmatured statutory lien); and

        (ii) are in an amount equal to interest at the then applicable nondefault contract rate of interest on the value of the creditor's interest in the real estate; or

This Order has Been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.